IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAXAVIER WHITTLEY, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-1744-K-BN |
| TDCJ DIRECTOR, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner LaXavier Whittley, at the time incarcerated at the Collin County Detention Facility but indicating that he "will be going to prison … soon," submitted a filing *pro se* petitioning for relief under 28 U.S.C. § 2254 but providing very little factual content. Dkt. No. 3. United States District Judge Ed Kinkeade referred Whittley's construed petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case without prejudice for lack of jurisdiction.

Whittley cites Section 2254. But, insofar as Whittley was not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), as he was not incarcerated by the Texas Department of Criminal Justice, he may not seek relief under Section 2254. Even so, 28 U.S.C. § 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction

custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

Whichever habeas provision may apply, Whittley has not demonstrated that he may seek habeas relief in this judicial district.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

Similarly, under Section 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

Whittley has not shown that he was convicted by a state court in this district.

And he is not in custody in this district. The Court should therefore dismiss this action without prejudice for lack of jurisdiction.

## Recommendation

The Court should dismiss this action without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE